IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-cv-553-RJC-DCK

| | |
|---|---|
| STAYSHA FISHER, and CHRISTA KISSER, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>V.<br><br>GEORGE MACK PATTERSON, II; P & A MANAGEMENT, INC.; PRAIRIE PIZZA, INC.; PATTERSON PIZZA COMPANY, LLC; TEAM LINCOLNTON, INC.; MOUNTAINEER PIZZA, LLC; and MJM PIZZA, LLC,<br><br>Defendants. | **JOINT MOTION FOR FINAL APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE** |

Plaintiffs Staysha Fisher and Christa Kisser ("Plaintiff's"), and Defendants George Mack Patterson, II, P & A Management, Inc., Prairie Pizza, Inc., Patterson Pizza Company, LLC, Team Lincolnton, Inc., Mountaineer Pizza, LLC, and MJM Pizza, LLC ("Defendants") (collectively with Plaintiffs, the "Parties") jointly, through counsel, move the Court to approve the settlement between the Parties and dismiss this matter with prejudice. In support of this Motion, the Parties show unto the Court as follows:

1. Plaintiffs filed a Complaint on October 21, 2019, alleging on behalf of themselves and others similarly situated who elected to opt-in to this action pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA") that they are entitled to recover unpaid overtime wages for all hours worked exceeding forty (40) in a workweek. [Dkt. No. 1]. Specifically, Plaintiffs contended that Defendants unlawfully docked their salary and that they were, therefore, misclassified as exempt employees. Plaintiffs also sought to bring a class action

1

FP 39865917.2
Case 3:19-cv-00553-RJC-DCK    Document 30    Filed 03/10/21    Page 1 of 6

under the North Carolina Wage and Hour Act ("NCWHA"), alleging that Defendants failed to pay Plaintiffs and the purported class their promised bonus wages when due in the promised amount.

2. Defendants filed a Motion to Dismiss the Complaint, or alternatively for a more definite statement, on December 13, 2019. [Dkt. Nos. 11-12].

3. On December 18, 2019, the Court granted Plaintiff's motion for an extension of time to file a response to Defendant's motion or to file an Amended Complaint. [Dkt. No. 14].

4. Plaintiffs filed an Amended Complaint on January 10, 2020. [Dkt. No. 15].

5. Defendants filed a Motion to Dismiss the Amended Complaint on January 24, 2020. [Dkt. Nos. 16-17].

6. On September 21, 2020, Magistrate Judge Keesler issued a Memorandum and Recommendation, recommending that District Judge Conrad deny Defendants' Motion to Dismiss. [Dkt. No. 24].

7. On October 5, 2020, Defendants filed Objections to the Memorandum and Recommendation and Plaintiffs responded to those Objections on October 19, 2020. [Dkt. Nos. 25-26]. To date, the Court has not ruled on Defendants' Objections.

8. Defendant denies any and all liability to Plaintiffs and to the putative class. However, the Parties have agreed to enter into a settlement involving a compromise of all of Plaintiffs' asserted and potential individual claims[1] against Defendants, including any claims under the FLSA and the NCWHA. True and accurate copies of the Settlement Agreements memorializing the terms of the negotiated settlement between the Parties have been filed under seal as Dkt. No. 29.

---

[1] The statute of limitations for any alleged FLSA or NCWHA violations related to the putative class has expired. Therefore, Plaintiffs have agreed to resolve their claims on an individual basis.

9. Submission of the Settlement Agreements under seal is consistent with the approach of courts in this District in prior FLSA actions. *See, e.g.*, *In re Family Dollar FLSA Litig.*, Case No. 3:08-MD-1932, Dkt. No. 800 (W.D.N.C. Mar. 14, 2012) (conducting an *in camera* review of the Parties' confidential settlement agreement and approving the settlement agreement and releases after finding: (1) the contested case was fair, reasonable, and in the best interest of the settling plaintiffs; (2) the settlement agreement and releases reflected a reasonable compromise of disputed issues; and (3) the parties were adequately represented by counsel who had protected their respective rights).

10. Although the Fourth Circuit has not set forth specific guidelines for approval of a settlement of FLSA claims, district courts have followed the guidelines set forth by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See e.g., Kianpour v. Restaurant Zone, Inc.*, C/A No. DKC 11-0802, 2011 WL 5375082, at *2 (D. Md. Nov. 4, 2011). In the "context of suits brought directly by employees against their employer . . . to recover back wages for FLSA violations," the district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. The policy of encouraging settlement of litigation applies in context of FLSA litigation where there are *bona fide* issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Id*. at 1354.

11. To date, the Parties have conducted a thorough investigation of the claims, engaged in substantial informal discovery and exchange of payroll records and other documentation, and prepared and responded to two motions to dismiss.

12. A *bona fide* dispute exists regarding Plaintiffs' claims for wages owed by Defendants. Plaintiffs alleged they were improperly docked pay even though they were classified

as exempt employees. Defendants deny Plaintiffs' allegations and assert that their pay practices were lawful. If this case was not contemporaneously settled, there would undoubtedly be extensive future work to come, including formal written and deposition discovery, associated discovery disputes, subpoenas to third-parties, disputes regarding various legal issues, and potentially an appeal. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case was not settled, and recognized that their settlement represented a compromise of the range and uncertainty of their damages.

13. The Parties each believe that the terms of the settlement embodied in Exhibits A and B of Dkt. No. 29 are fair, reasonable, and appropriate under the circumstances.

14. The settlement was the product of arm's length negotiations among experienced counsel and there is no evidence of fraud or collusion. Plaintiffs' attorney's fees were negotiated separately by the Parties from Plaintiffs' damages claims.

15. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted, in this action by Plaintiffs against Defendants. It was crafted at arm's length by experienced counsel on both sides following contested litigation.

16. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of the Parties' *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The parties have mitigated the risk and costs on both sides that proceeding further presents. The settlement will conserve substantial time and expense by eliminating the need for trial.

17. The Parties have attached a proposed Order for the Court's consideration as **Exhibit A** hereto.

WHEREFORE, the Parties respectfully request that the Court enter an Order approving the terms of the Settlement Agreements in Exhibits A and B to Dkt. No. 29 as a fair, reasonable, and adequate resolution of the case, and dismiss this matter with prejudice.

Respectfully submitted on March 10, 2021.

By: */s/ Eric Spengler*
 **Eric Spengler**
 N.C. State Bar No. 47165
 **SPENGLER & AGANS PLLC**
 352 N. Caswell Road
 Charlotte, North Carolina 28204
 eric@spengleraganlaw.com
 (704) 910-5469 (phone)
 (704) 730-7861 (fax)
 **ATTORNEY FOR PLAINTIFFS**

By: */s/ Kevin J. Dalton*
 Kevin J. Dalton (NC Bar No. 24197)
 **FISHER PHILLIPS LLP**
 227 West Trade Street, Suite 2020
 Charlotte, North Carolina 28202
 Telephone: (704) 334-4565
 Facsimile: (704) 334-9774
 kdalton@fisherphillips.com
 **ATTORNEY FOR DEFENDANTS**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-cv-553-RJC-DCK

| | |
|---|---|
| STAYSHA FISHER, and CHRISTA KISSER, on behalf of themselves and all other similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| V. | )<br>) |
| GEORGE MACK PATTERSON, II; P & A MANAGEMENT, INC.; PRAIRIE PIZZA, INC.; PATTERSON PIZZA COMPANY, LLC; TEAM LINCOLNTON, INC.; MOUNTAINEER PIZZA, LLC; and MJM PIZZA, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CERTIFICATION

I hereby certify that on March 10, 2021, the foregoing **JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENTS AND DISMISSAL WITH PREJUDICE** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to Plaintiffs' counsel.

Served March 10, 2021.                                Respectfully submitted,

                                By:    */s/ Kevin J. Dalton*
                                       Kevin J. Dalton
                                       **FISHER PHILLIPS LLP**

6
FP 39865917.2
Case 3:19-cv-00553-RJC-DCK    Document 30    Filed 03/10/21    Page 6 of 6